UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM KIPER, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-3008 |
| BAC HOME LOANS SERVICING, LP, *et al*, | § | |
| Defendants. | § | CONSOLIDATED WITH |
| WILLLIAM KIPER, | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:11-CV-3363 |
| BAC HOME LOANS SERVICING, LP aka BANK OF AMERICA, N.A., and FEDERAL NATIONAL MORTGAGE ASSOC. aka FANNIE MAE, | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, in which *pro se* Plaintiff William Kiper's "Third Amended Petition" (instrument #29) sues BAC Home Loans Servicing, LP ("BAC"), Bank of America, N.A., and the Federal National Mortgage Association ("Fannie Mae") for fraud and deceptive practices in the foreclosure and sale of the property on which Kiper and his wife resided, is a motion to dismiss with prejudice (#30) filed by Bank Of America, N.A., successor by merger to BAC, and Fannie Mae. Plaintiff has filed an untimely response (#31) to Defendants' motion.

On August 2, 2012, this Court issued an Opinion and Order (#28) that *inter alia* struck Kiper's Second Amended Complaint and granted Defendants' previous motion (#9) to dismiss Kiper's original complaint on the grounds that he lacked standing and, even if he had standing,

1 / 4

for failure to state a claim upon which relief could be granted. The Opinion, which the Court incorporates herein, extensively reviewed Kiper's defective pleading, set out the governing law relating to all of his causes of action, including statutes under which as a matter of law he did not have a viable claim, and ordered him to file an amended complaint if he was able to state a cognizable claim. Even though the Court explained in detail that his wife, Emma Kiper, had to be substituted or added as a plaintiff because she was the actual borrower and signer of the Note and the Deed of Trust at issue here, William Kiper still brings suit only in his own name and therefore lacks standing to bring this action, and in essence he asserts mostly the same claims that the Court has dismissed.

Kiper has added a new claim for intentional infliction of emotional distress. To state such a claim under Texas law, a plaintiff must allege with supporting facts that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's action caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffman-LaRoche, Inc. v. Zeltwanger*, 144 S.W. 3d 438, 447 (Tex. 2003). Liability can only be imposed when the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and be regarded as atrocious, and utterly intolerable in a civilized community.'" *Twyman v. Twyman*, 855 S.W. 2d 619, 621 (Tex. 1993), *quoting Restatement (Second) of Torts* § 46, cmt. d (1965). It is for the court to determine in the first instance whether the defendant's conduct may be regarded as so extreme and outrageous as to allow recovery. *Brewerton v. Dalrymple*, 997 S.W. 2d 212, 215-16 (Tex. 1999). Moreover Texas courts construe such a claim as a "gap-filler" available only when a person intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress. *Hoffman-La Roche*,

144 S.W. 3d at 447.  The Court finds that even if William Kiper had standing to assert the claims in this action, he has failed meet these requirements in what is essentially a breach of contract suit.  Moreover, the failure to perform the terms of a contract is usually a breach of contract, not a tort, especially where the only injury is economic loss.  *Rice v. Bank of New York*, 2012 WL 3685981, *4 (S.D. Tex. 2012)(concluding in a wrongful foreclosure case that plaintiffs' breach of contract claim cannot be transformed into a tort claim for intentional infliction of emotional distress), *citing  Heller Fin. v. Grammco Computer Sales*, 71 F.3d 518, 527 (5th Cir. 1996), *Southwestern Bell Tel. Co. v. Delanney*, 809 S.W. 2d 493, 527 (Tex. 1991), and *Creel v. Houston Indus.*, 124 S.W. 3d 742, 753 (Tex. App.--Houston [1st Dist.] 2003).

As reflected in its earlier Opinion, the Court agrees with the following challenges by Defendants.  Defendants' motion to dismiss with prejudice reiterates that Kiper lacks contractual privity with them and thus lacks prudential standing to sue.  Alternatively, he still fails to state a claim upon which relief can be granted for the following reasons *inter ali*a:  (1) his breach of contract claim fails because he is not a party to the mortgage loan or the loan modification agreement and because Emma Kiper defaulted on her mortgage and thus even she cannot sue for breach of contract[1]; (2) Kiper's vague wrongful foreclosure claims fails because he did not plead any deficiency in the foreclosure process other than a failure to modify the loan agreement nor did he allege that the property sold for a grossly inadequate price; (3) Kiper's claims under the Texas Debt Collection Practices Act[2] fail because he is not a debtor of Defendants and lacks

---

[1] *See, e.g., Sproul v. Sasser*, No. 05-08-00502-CV, 2009 WL 2232240, *2 (Tex. App.--Dallas July 28, 2009, no pet.)("'[A] party to a contract who is himself in default cannot maintain a sit for its breach.'"), *citing inter alia Gulf Pipe Line Co. v. Nearen*, 138 S.W. 2d 1065, 1068 (Tex. 1940)("It is also elementary that a party to a contract who is himself in default cannot maintain a suit for its breach.")

[2] Section 392.304(a)(8) of the Texas Finance Code prohibits "misrepresenting the character, extent or amount of consumer  debt" while Section 392.304(a)(19) prohibits "the use of any other false representations or  deceptive means to collect a debt or  obtain information concerning  a  consumer."

standing to sue under that statute; (4) the Home Affordable Mortgage Program does not create a private right of action and the statute of frauds bars claims of oral promises; and (5) the economic loss rule doctrine bars Plaintiff's fraud and misrepresentation claims and promises future conduct cannot support a claim for fraud and misrepresentation.  For these reasons, the Court

    ORDERS that this action is DISMISSED with prejudice.

    SIGNED at Houston, Texas, this 6th day of November, 2012.

                                            MELINDA HARMON
                                    UNITED STATES DISTRICT JUDGE

---

While courts have recognized that an allegation that the Defendant informed the Plaintiff that a loan was being modified and the foreclosure sale would be canceled states a claim under the Texas Debt Collection Practices Act, William Kiper lacks standing to sue because he is not in debt to Defendants.  *See, e.g., Stapp v. Bank of America, N.A.*, No. 4:11CV203, 2012 WL 3853440, *7 (E.D. Tex. Sept. 5, 2012)(allowing to proceed plaintiff's TDCPA claim that "Defendants informed Plaintiffs that the loan was being modified and foreclosure was being postponed while Defendants ultimately proceeded with foreclosure"); *Visconti v. Bank of America*, No. 4:10cv532, 2012 WL 3779083, *6 (E.D. Tex. Aug. 31, 2012)(similar).